UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE MERCIER, | |
| Plaintiff, | 2:06-cv-1430-KJD-RJJ |
| vs. | REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, | (Application to Proceed *In Forma Pauperis* (#1) |
| Defendants. | |

This matter was submitted before the undersigned Magistrate Judge on Plaintiff, George Mercier's Application to Proceed *In Forma Pauperis* (#1). The Court has considered the Application (#1) and the Complaint. Additionally, a hearing on this matter was scheduled for March 7, 2007, at 9:00 A.M.

**BACKGROUND**

The plaintiff in this case, George Mercier, has filed approximately 75 cases within the last 12 months in the United States District Court for the District of Nevada. Mercier filled out an Application to Proceed *in Forma Pauperis*. Plaintiff stated on his application that he is not presently employed. Plaintiff further stated that he has not received money within the last 12 months from: a business, profession or other form of self-employment; rent payments, interest or dividends; pensions, annuities or life insurance payments. Plaintiff does not have any interest in any real estate, stocks, bond, notes, automobiles, or other valuable property. Further, the plaintiff does not have any dependents. Plaintiff stated that he has received gifts or inheritances and money from other sources, welfare. Plaintiff states that he has $50.00 in a checking or savings account. Plaintiff

1  provided a supplemental statement in support of his *In Forma Pauperis* Application in which he
2  stated that he was fired from a Chevron Gas Station in September of 2003. (Supplemental Statement
3  in Support of IFP Admissions, attached to Plaintiff's Application to Proceed *In Forma Pauperis*
4  (#1)). The plaintiff further asserts that his income falls below the Federal Poverty Guideline.

**DISCUSSION**

I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's application is incomplete. Specifically, he checked the boxes indicating that in the past twelve months he had received gifts or inheritances, as well as, money from other sources, but only listed "welfare" in the following section requiring applicants to describe each source of money and the amount received from each source during the past twelve months. Plaintiff's application does not specify the source or amount of the gifts or inheritances he received, nor the amount of welfare that he received.

28 U.S.C. § 1915 allows the court to authorize the commencement of a civil action "without prepayment of fees or give security therefor." The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court. See, Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963).

Based on the sparse information provided by plaintiff, this Court is unable to determine whether Plaintiff has sufficient financial resources to pay the Court's filing fee. See, 28 U.S.C. § 1915. Therefore, the Court scheduled a hearing in court on Plaintiff's application. Notice was duly given but the Plaintiff failed to appear for the hearing. It was therefore impossible to canvass the Plaintiff regarding assets and income. The Plaintiff did not request a continuance of the hearing and has filed no subsequent explanation for his failure to appear. Therefore, Plaintiff's Application to Proceed *in Forma Pauperis* should be denied.

II.   COMPLAINT

This complaint is irrational and frivolous on its face. Further, it is absolutely clear that the deficiencies in this Complaint cannot be cured with leave to amend. Therefore, the Complaint should be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Plaintiff's Application to Proceed *in Forma Pauperis* (#1) be **DENIED** without prejudice

IT IS FURTHER RECOMMENDED by the undersigned Magistrate Judge that this case be **DISMISSED** with prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before March 30, 2007**. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of March, 2007.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge